**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| El Lauren Stacey Two/Goode Bay,<br><br>Plaintiff,<br><br>v.<br><br>Goodyear Tire & Rubber Company, et al.,<br><br>Defendants. | No. CV-21-01820-PHX-SMM<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss the First Amended Complaint ("FAC"), (Doc. 22), and Motion to Strike the Second Amended Complaint ("SAC"), (Doc. 24). For the following reasons, the Court will grant both Motions.

**I.    Procedural History**

Plaintiff filed a Complaint against Defendant Goodyear Tire & Rubber Company, (Doc. 1), and in response, Goodyear filed a Motion to Dismiss, (Doc. 7). The Court granted the Motion and gave Plaintiff leave to amend until October 7, 2022. (Doc. 19). Plaintiff timely filed the FAC,[1] (Docs. 20, 21), and Goodyear filed a second Motion to Dismiss, (Doc. 22). Plaintiff did not file a response but filed the SAC on October 20, 2022. (Doc. 23). On October 25, 2022, Goodyear filed a Motion to Strike the SAC. (Doc. 24). Plaintiff then filed a response, (Doc. 25), and Goodyear filed a reply, (Doc. 26).

\\\

---

[1] Plaintiff filed two documents labelled Amended Complaint within the deadline. (Docs. 20, 21). Because these two documents are largely the same, and because of the Ninth Circuit's directive to construe pro se pleadings liberally, Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), for the purposes of the Motion to Dismiss, the Court will treat both documents as one complaint.

II.   **Motion to Strike**

    A.   **Legal Standard**

"[A] motion to strike may be filed . . . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv. 7.2(m)(1). "The decision to grant or deny a motion to strike is within the court's discretion." Sunburst Minerals, LLC v. Emerald Copper Corp., 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

    B.   **Analysis**

Defendant asks that the Court strike Plaintiff's SAC because it was not authorized by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a), a party may amend its complaint only with the opposing party's consent, with leave of the court, or "once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." (cleaned up); see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015) (finding that plaintiffs "may amend in whatever order" of method they see fit if it is timely). Because Goodyear did not give consent, and because the Court only allowed amendment up to October 7, 2022, the only question before the Court is whether the SAC was filed as a matter of course.

Plaintiff filed the SAC within 21 days of the second Motion to Dismiss, but not within 21 days of the first Motion to Dismiss. It is unclear under Rule 15 whether the right to amend once as a matter of course permanently expires 21 days after a motion to dismiss has been filed or if the right can be revived by a subsequent motion to dismiss if the plaintiff has not yet exercised their right to amend. The Court finds that the first interpretation is correct. See Savignac v. Day, 341 F.R.D. 120, 123 (D.D.C. 2022) (finding the same). But see Dragonas v. Macerich, No. CV 20-1648, 2021 U.S. Dist. LEXIS 57348, at *3, 2021 WL 1139847, at *1 (D. Ariz. Mar. 25, 2021).

The Advisory Committee for the 2009 amendment stated that "the right to amend once as a matter of course *terminates* 21 days after service of a motion." (emphasis added).

Additionally, the purpose of Rule 15's 21-day period to amend as a matter of course is to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15 advisory committee's note to the 2009 amendment. In situations such as this one, where a plaintiff considered and had the opportunity to amend the issues pointed out in a first motion to dismiss, the purpose was served before the filing of the second motion to dismiss.

Further, terminating a party's right to amend at a particular deadline does not prejudice the party seeking to amend because Rule 15(a)(2) allows the party to amend its complaint infinitely as long as it has permission from the Court or the opposing party. But allowing late amendments as a matter of course could prejudice the opposing party. Savignac, 341 F.R.D. at 124 (finding that reviving the right to amend after subsequent motions to dismiss could lead "to unnecessary costs and delays and substantial prejudice to defendants").

Thus, because the Court finds that the right to file an amended complaint as a matter of course permanently expires 21 days after the first Motion to Dismiss, and because the SAC was filed well after that deadline, the Court strikes the SAC.

**III.    Motion to Dismiss**

    **A.    Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint need not provide detailed factual allegations; however, a plaintiff must provide more than "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to raise a right to relief above the speculative level and to "state a claim that is plausible on its face." Id. at 555, 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A court may dismiss a claim either because it lacks "a cognizable legal

theory" or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

When a court is deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996) (citing Everest & Jennings v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

Rule 12(b)(6) must be read in conjunction with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Ileto, 349 F.3d at 1199-1200. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A pleading violates Rule 8 if it is "needlessly long," "highly repetitious," confusing, or consisting "of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

**B.    Analysis**

In the FAC, Plaintiff accuses opposing counsel and the Court of ex parte communication and suggests that the communication was the reason that the Court dismissed the original complaint.[2] However, even assuming these allegations otherwise comply with Rules 8 and 12, neither opposing counsel nor the Court is listed as a defendant in this matter. And there are no factual allegations against Goodyear—the sole defendant. Thus, the Court must dismiss the FAC under Rule 12 for failing to allege facts sufficient to support a claim against Goodyear.

The FAC also violates Rule 8 because the two paragraphs containing factual allegations are confusing and unrelated to Goodyear and because the remainder of the complaint appears to be pages of scanned legal rules.

---

[2] Plaintiff's allegations are speculative. The Court's only communication with the parties is through written orders as reflected in the docket.

### IV. Leave to Amend

Plaintiff has been given notice of the deficiencies in the original Complaint and an opportunity to correct those deficiencies by filing an amended complaint. Nevertheless, Plaintiff failed to correct the deficiencies in the FAC and continues to file pleadings containing meager and confusing allegations and scans or copies of legal rules. Thus, the Court will dismiss the FAC without leave to amend. However, because Plaintiff is proceeding pro se, the Court will dismiss the matter without prejudice.

### V. Plaintiff's Remaining Filings

On December 16, 2022, Plaintiff filed a document titled Objections and Writ of Certiorari and Mandamus. (Doc. 27). This document is confusing, consists primarily of scanned copies or prints from various sources, and does not specify what relief is sought by Plaintiff. This document cannot be a notice of appeal because at the time of filing, the Court had not yet ruled on the second Motion to Dismiss. To the extent that this objection document can be interpreted as a response to a motion or an amended complaint, it is not timely. To the extent that this document can be interpreted as a separate motion, because the Court dismisses this case without leave to amend, the Court denies the Objection Document as moot.

On January 6, 2023, Plaintiff filed a document titled "Motion Judgment as a Matter of Law on Natural/Human Rights and Legal Rights." (Doc. 29). Like many of Plaintiff's other filings, this document only contains recitations of law, contains no arguments specific to the case, and does not specify what Plaintiff is requesting. Because the Court dismisses this case without leave to amend, the Court denies the Motion as moot.

### VI. Conclusion

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Strike the Second Amended Complaint. (Doc. 24).

**IT IS FURTHER ORDERED granting** Defendant's Motion to Dismiss the First Amended Complaint. (Doc. 22).

**IT IS FURTHER ORDERED denying as moot** Plaintiff's Objection Document. (Doc. 27).

**IT IS FURTHER ORDERED denying as moot** Plaintiff's Motion for Judgment. (Doc. 29).

**IT IS FURTHER ORDERED striking** Plaintiff's Second Amended Complaint. (Doc. 23).

**IT IS FURTHER ORDERED dismissing without prejudice and without leave to amend** this matter.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to terminate this matter.

Dated this 9th day of January, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge